Judge Marshall
delivered the Opinion of the Court.
This was an action of covenant brought by Campbell against Harris and Gearhart. The defendants demurred to the declaration, and pleaded five pleas; of which the two first were joint, and the three last were pleaded by Gearhart separately. The plaintiff demurred to the first and third pleas, and all the demurrers having been decided in his favor, and the issues of fact upon the pleas to which he replied having been found for him, judgment was rendered for him: from which the defendants have appealed. The only questions arising in the record grow out of the demurrers; and the first is—was the declaration sufficient?
The writing declared on is not made a part of the re-1 cord by oyer,, nor is it in fact contained in the transcript before us.- The declaration states, in substance, that the defendants by their writing obligatory &c. promised and agreed that, whereas Harris is indebted to “Campbell, Jones and Op'ie” of Philadelphia, in a certain named sum, which he wished to pay—he binds himself, in the Course of ten months, to transfer and deliver notes or bonds on sufficient men &e. to such attorney as Campbell may appoint, tobe receipted for as payment; and if, at the end of ten months, Harris has not so transferred notes to an amount sufficient to pay the debt &c. Geaihart promises, and by these presents binds himself, to make good any deficiency that may remain.
A dec’n that fails, to show how the. plaintiff has the right of action on the covenant or writing sued upon, is bad upon, denu’r.
One covenantor stipulates to deliver to an agent of his creditor, such a sum in promissory notes within such a. time;and another (by the same, writing) stipulates to make up the deficiency in, case the first fails fully to comply: These stipulations arenot joint covenantsofboth covenantors; but are distinct covenants by different parties, who cannot be made joint defendants to the same action: such misjoinder is fatal.
To an action for failing to delh-. er promissory notes, according to contract, a plea that def’t did tender, &c. is insufficient.
When a contract is for the delivery of cumbrous property, a plea that H was tendered, according to the contract, will bar the action—and the plaintiff must then obtain the property, or its value, as he may, by action of trover, &c. But where the. property is not cumbrous, but such as a man carries about bis person, the tender must be re* peated in the plea, and the property must be produced with it. But— * c
It does not appear expressly, from this statement of the writing, with whom the parties covenanted, or to whom they bound themselves. The inference from the acknowledgment of indebtedness to “Campbell, Jones and Opie,” would be, that they were the persons to whom the covenant providing for the payment of the debt, was made. And the plaintiff does not, even by averment, show that he was the covenantee, nor indeed that he was one of the persons named as creditors, nor that he has any title to the covenant. He has therefore failed to show his right to maintain the action.
It is, also, apparent, from the tenor of the writing, as stated in the declaration, that the parties do not promise jointly, but severally. They do not covenant jointly, that one or both shall do a certain thing. Harris alone covenants to transfer and deliver the notes within ten months, and Gearhart alone covenants that upon Harris’ failure to perform his undertaking, he will make up any deficiency. The covenant of Harris is immediate and absolute, while that of Gearhart is future and contingent, and is in effect nothing more than a guarantee that Harris shall perform his covenant. The parties, therefore, could not properly be sued jointly for a breach of either or both of the covenants. And the joinder of them in this action was a fatal error.
On these two grounds, the judgment should have been for the defendants, on their demurrer to the declaration, and for the error of the Court in determining otherwise, the judgment must be reversed.
But as the declaration may, upon the return of the cause, be so amended as to obviate both of these objections, (though it is scarcely probable that it will or can be) it is proper to notice the pleas which were demurred to.
ihe first was a joint plea, m which the defendants aver that, Harris had offered and tendered notes &c. on good men &c. within the ten months, but that the attorney appointed in pursuance, of the covenant, had refused to receive them &c. This plea was obviously de *588 fective in not offering the notes &c. again in Court, as the debtor ought not to be permitted upon a mere tender and refusal, to appropriate the notes to himself, and be also discharged from paying their value. If the property to be delivered had been cumbersome, and not such as aman carries about his person, the rule would be different, and the plaintiff, after a tender and refusal, might be left to his action of trover. But there is no necessity, nor, as we think, any propriety in turning him round to an action of trover for the promissory notes, which the defendant may and ought to tender in Court with his plea, as wmll that the plaintiff may have them if the plea should be sustained, as that there may be a proper foundation for evidence relating to the- sufficiency of the tender.
When the deft’s Anotherperfon, will fulfil his a-o^d^eVnófes person did tendev&c. according fo his agreement, is good, without tendedor a<min differing the notes keepbgof which the def’t is not accountable.
But so far as Gearhear.t was concerned, considering covenant as a mere guarantee that Harris would transfer go,o.d and sufficient notes within ten months, and if' uo.t, that he would make up the deficiency, we are °P'n*on’ that a tender by Harris,and a refusal by the plaintiff or his agent, discharges him from all further reSp0nsibility. His contract is thereby discharged. And r / J ° the plaintiff cannot, by refusing the tender, impose an obligation on him to see that Harris shall keep the notes and bring them into Court; and as he has no right to them himself; after the tender and refusal, he cannot be required to tender them in Court with his own plea, p]ea? therefore, being pleaded by Gearhart alone, was, in our opinion, good, and should have been sustained on demurrer, if it had been necessary to decide upon it.
The judgment is reversed, and the cause, remanded, with directions to sustain the demurrer to the plaintiff’s declaration, and to give judgment in bar for the defendants, unless the declaration shall be amended upon leave obtained for that purpose.